CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 21 2014
JULIA C. ___, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY WILLIAMS, ) | Civil Action No. 7:14-cv-00097 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| W. E. LESTER, et al., ) | By: Hon. James C. Turk | |
| Defendants. ) | Senior United States District Judge | |

Michael Anthony Williams, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming various staff of the Keen Mountain Correctional Center as defendants. Plaintiff complains about an allegedly unlawful search of his cell and the lack of due process leading to his institutional convictions. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts and conclusions. On March 16, 2013, correctional officers Lester and Willis searched Plaintiff's cell, in violation of the Fourth Amendment. Plaintiff complained about the "unlawful" search to Officer Willis, who replied "impolitely" with threats. Sergeant Shelton denied hearing any threat despite standing nearby.

Staff subsequently charged Plaintiff with two disciplinary infractions, threatening staff and possession of contraband. At the hearing for threatening staff, Institutional Hearing Officer ("IHO") T. Lowe allegedly prohibited Plaintiff from exercising the right to due process, namely to present witnesses and exculpatory evidence.[1] IHO Lowe determined that Plaintiff was guilty of threatening staff and sentenced Plaintiff to fifteen days' segregation. Plaintiff accepted a penalty offer of a $5.00 fine and pleaded guilty to possessing contraband although he presently argues that

---

[1] However, Plaintiff's attachments to the Complaint show that IHO Lowe obtained witness statements pursuant to Plaintiff's requests.

the charge was "fraudulent." Plaintiff believes these events violated numerous provisions of the United States Constitution, and he seeks $35,000 in damages.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[2] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

---

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

None of the allegations in the Complaint state a violation of federal law, and the Complaint must be dismissed.

Plaintiff has no cognizable expectation of privacy in his prison cell, and thus, the Fourth Amendment offers no protection against such a search and seizure. DeBlasio v. Johnson, 128 F.Supp. 2d 315, 325 (E.D. Va. 2000) ("[T]he Fourth Amendment does not establish a right to privacy in prisoners' cells."), aff'd, 13 F. App'x 96 (June 27, 2001); see Hudson v. Palmer, 468 U.S. 517, 528 n. 8 (1984) (recognizing the same about a seizure of property during the search of a cell). Plaintiff possesses a post-deprivation remedy under Virginia law, the Virginia Tort Claims Act ("VTCA"), for any deprivation of personal property. See, e.g., Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); VA. CODE § 8.01-195.3.

To establish a violation of procedural due process guaranteed by the Fourteenth Amendment, an inmate must demonstrate a deprivation of "life, liberty, or property" by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir.1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

Inmates are "only afforded procedural due process protections, such as written advance notice of charges, when the loss of statutory good time credits or some other liberty interest is at issue." Hines v. Ray, 2005 U.S. Dist. LEXIS 37616, at *8, 2005 WL 2333468, at *3 (W.D. Va. Sept. 22, 2005) (Kiser, J.) (unpublished) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). Plaintiff forfeited $5.00 and spent at least fifteen days in segregation. These punishments are not atypical and significant hardships on Plaintiff in comparison to the ordinary incidents of prison life.

See, e.g., Henderson v. Commonwealth of VA, 2008 U.S. Dist. LEXIS 5230, 2008 WL 204480 (W.D. Va. 2008) (Conrad, J.) (unpublished) (holding a $12.00 fine is not atypical); Goodman v. Gilmore, 2006 U.S. Dist. LEXIS 36653, 2006 WL 1587463 (W.D. Va. 2006) (Turk, J.) (unpublished) (quoting Sandin to hold that the imposed disciplinary fine did not constitute undue hardship beyond the expected conditions of his prison sentence); Holmes v. Ruiz-Kurtz, 2006 U.S. Dist. LEXIS 22489, 2006 WL 840316 (W.D. Va. 2006) (Conrad, J.) (unpublished) (holding a $12.00 fine did not constitute an atypical and significant hardship on the plaintiff in comparison to the ordinary incidents of prison life).

Furthermore, Plaintiff is not entitled via the Fourteenth Amendment to administratively appeal a disciplinary conviction, and Plaintiff fails to explain how reviews of his disciplinary conviction or grievances violated a protected right actionable via § 1983. Even if Plaintiff did not receive all of the state-mandated procedural protections during his disciplinary hearings, such violations are not independently actionable under § 1983. See Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue.").

### III.

For the foregoing reasons, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

ENTER: This _18th_ day of April, 2014.

_/s/ James C. Turk_
Senior United States District Judge

4